Stephen W. Rupp (2824)
Mark C. Rose (13855)
**McKAY, BURTON & THURMAN**
170 South Main Street, Suite 800
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
Email: mrose@mbt-law.com
*Attorneys for Trustee Stephen W. Rupp*

# IN THE UNITED STATES BANKRUPTCY COURT,
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**DAVID GLENN EARNSHAW and SUSAN W. EARNSHAW**,<br><br>      Debtor. | Bankruptcy No. 11-35603 RKM<br>(Chapter 7) |

## MOTION FOR ORDER APPROVING SALE OF ESTATE PROPERTY TO SCOTT AND ADRIANNE JEFFRIES OR PARTY WITH A HIGHER AND BETTER OFFER

Pursuant to Bankruptcy Code §363(b)(1) and Federal Rule of Bankruptcy Procedure 6004, Stephen W. Rupp ("Trustee"), Trustee of the bankruptcy estate of David Glenn Earnshaw and Susan W. Earnshaw ("Debtors"), hereby moves the Court for an order approving the sale of property of the above-captioned bankruptcy estate. Trustee intends to sell to Scott and Adrianne Jeffries (the "Jeffries"), or any party with a higher and better offer, any and all interest and/or rights Debtors' have in an indemnification claim against The Safety Team, LLC and AAA Fire Safety & Alarm, Inc. (the "Property") arising out of or relating to a contract dated May 1, 2007.

In further description of the sale and this motion, Trustee represents and respectfully provides as follows:

1. Debtors David Glenn Earnshaw and Susan W. Earnshaw filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 28, 2011.

2. Trustee Stephen W. Rupp is the duly appointed, qualified, and acting permanent Trustee of Debtors' Chapter 7 bankruptcy estate.

3. On or about November 14, 2011, the Jeffries obtained a judgment (the "Judgment") against Mr. Earnshaw and other entities in the amount of two million nine thousand one hundred seventy three dollars and ninety cents ($2,009,173.90).

4. The Jeffries provided to Trustee a copy of the Contract between Earnshaw Enterprises, Inc. and the Safety Team, LLC (the "Safety Team") and AAA Fire Safety & Alarm, Inc. ("AAA") dated May 1, 2007 (the "Contract"). The Contract contains an indemnification provision.

5. The Jeffries wish to purchase Debtors' indemnification rights under the Contract, if any, against The Safety Team, LLC.

6. To the Trustee's knowledge to date, neither Debtors nor Earnshaw Enterprises, Inc. has asserted any indemnification claim against The Safety Team arising out of or relating to the Contract.

7. Trustee, in his business judgment, and relying on the information he has obtained through the course of his investigation, believes that it is in the best interest of the estate to sell the aforementioned Property.

8.      The Jeffries, through counsel, have offered to purchase the Property for $10,100.00, plus payment of the first $100,000.00 collected in the Jeffries' indemnification claim against the Safety Team or AAA.

9.      Trustee recommends the sale. It will result in a cost-effective and expeditious resolution of the dispute described herein. Trustee believes that the sale is in the best interest of the creditors and the estate.

10.     Sale of the Property to the Jeffries would be subject to any higher and better offer acceptable to Trustee as set forth below in the procedures for higher and better offers.

### **Procedure for Higher and Better Offer**

Any higher and better offer is to be made to Trustee, in writing, at least three (3) business days prior to the hearing scheduled to approve this sale. Trustee shall give notice of the higher and better offer to the Jeffries and shall arrange for an auction between the Jeffries and any party[ies] making a higher and better offer prior to the hearing to approve this sale. The highest and best offer at the auction shall then be presented to the court at the hearing scheduled to approve the sale as the party to whom the property should be sold. The highest bidder at any auction agrees to pay the bid amount within sixty (60) days of bankruptcy court approval of the sale. If any third-party bidder is successful, Trustee shall return to the Jeffries any funds paid toward the purchase price by the Jeffries, within two (2) business days.

**WHEREFORE**, Trustee respectfully moves the Court for an order approving the sale of estate property to the Jeffries or any party with a higher and better offer than that presented by the Jeffries.

DATED this 18th day of April, 2013.

**MCKAY, BURTON & THURMAN, P.C.**

/s/ Mark C. Rose
Mark C. Rose
*Attorneys for Stephen W. Rupp*